COURT OF CHANCERY
OF THE
STATE OF DELAWARE

Sam Glasscock III
VICE CHANCELLOR

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947
AND
LEONARD WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19980-3734

November 13, 2017

Ronald Brown, Jr., Esquire
Marcus Montejo, Esquire
Prickett, Jones & Elliott P.A.
1310 King Street
Wilmington, DE  19801

Kenneth J. Nachbar, Esquire
Susan W. Waesco, Esquire
Alexandra M. Cummings, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE  19801

David A. Jenkins, Esquire
Kathleen M. Miller, Esquire
Robert K. Beste, Esquire
Kelly A. Green, Esquire
Smith, Katzenstein & Jenkins LLP
1000 West Street, Suite 1501
Wilmington, DE  19899

Joel Friedlander, Esquire
Christopher P. Quinn, Esquire
Friedlander & Gorris, P.A.
1201 North Market Street, Suite 2200
Wilmington, DE  19801

RE:  *In re Duke Energy Corp. Deriv. Litig.*, C.A. No. 7705-VCG

Dear Counsel:

At the hearing on the settlement of this matter held January 13, 2017, I awarded legal fees in the amount of $5,940,000.  Consistent with the law of the case, I directed the firm of Prickett, Jones & Elliott ("PJ&E") to propose an Order of Distribution by which various Plaintiffs' firms involved in this and related litigation should join in the distribution of the aggregate fee award.  PJ&E has made such a proposed distribution.  Two of the Plaintiffs' firms seeking fees disagree with the proposed distribution.  The parties have provided me with

memoranda.  The following is my decision on the exceptions to the proposed order filed by PJ&E.[1]  The remaining objectors are Levy & Korinsky LLP ("L&K"), a firm which participated in this (consolidated) action, and Plaintiffs' counsel in a Federal action, *Tansey v. Rogers* (referred to as "Tansey Counsel").

I turn first to the exceptions to the Order made by Tansey Counsel.  An award of attorneys' fees under the Corporate Benefit Doctrine is controlled by the factors set out by out Supreme Court in *Sugarland*.[2]  The presumption is that the common fund or benefit created by the litigation is the result of plaintiff's litigation in that matter.[3]  Where attorneys not participating in the matter that produced the settlement at issue seek to participate in an award of fees, the burden is on those counsel to demonstrate that the actions of those counsel casually contributed to a discreet portion of the benefit produced.[4]  Where this burden is met, outside counsel's fees are limited to an appropriate award based on that discreet portion of benefits to which they contributed.[5]

Tansey Counsel argues that $25 million of the cash portion of the settlement was caused in substantial part by their efforts in the federal action.  In short,

[1] A third group of Plaintiffs' counsel led by Regor, Eagle & Squire, PC are content with the form of Order.
[2] *Sugarland Industries, Inc. v. Thomas*, 420 A.2d 142 (Del. 1980).
[3] *In re Infinity Broadcasting Corp. S'holders Litig.*, 802 A.2d 285, 293 (Del. Supr. 2002).
[4] *In re Allion Healthcare Inc. Shareholders Litig.*, 2011 WL 1135016, at *7 (Del. Ch. Mar. 29, 2011).
[5] *In re Orchard Enterprises, Inc.Stockholder Litig.*, 2014 WL 4181912, at *4 (Del. Ch. Aug. 22, 2014).

Tansey Counsel argues that the settlement was due to securities law exposure, and not primarily to the potential for common-law liability represented by this action.

After considering the positions of the parties, I conclude that there is a substantial likelihood that the litigation in *Tansey* added to pressure that caused the Defendant, Duke Energy Corp., to settle. Specifically, the *Tansey* litigation presented alternative theories of liability that I find had an effect on the motivation for Duke to make a cash settlement in this action. The question, then, is how to arrive at an appropriate fee on behalf of the Tansey Counsel. I find that Plaintiffs' counsel have met their burden to show some responsibility for the monetary award here. In applying the *Sugarland* factors, typically, the most important is the result achieved.[6] In a contingent fee case, where a discreet fund has been created, the Court typically looks at a percentage of the fund in making the award.[7] The loadstar amount, the amount that plaintiffs' counsel would have achieved based on time expended, together with out-of-pocket costs, is typically only a check on the amount awarded, and is not used to set the award itself.[8] The concern is that such a *quantum meruit* approach to litigation could lead to perverse incentives, and that it would not adequately compensate counsel operating on a contingent-fee basis for

---

[6] *Americas Mining Corp. v. Theriault*, 51 A.3d 1213, 1254–55 (Del. 2012).
[7] *Id.* at 1255.
[8] *In re Sauer-Danfoss Inc. Shareholders Litig.*, 65 A.3d 1116, 1138 (Del. Ch. 2011).

the risk incurred.[9]

Here, however, I must presume that counsel in *this* action produced the benefit, including the common fund, and in addition have found that Tansey Counsel contributed to creation of the common fund as well. In this case, therefore, it seems appropriate to me to award Tansey Counsel their loadstar amount together with out-of-pocket costs.[10]

I next turn to the actions of L&K and its contribution to the corporate benefit. L&K sought to lead this consolidated Delaware action. Nonetheless, the former judicial officer handling this matter established PJ&E as lead counsel. That firm appointed L&K to "a committee of the whole." That body, however, was not active, and it does not appear that any actions of L&K, post-consolidation, contributed to the corporate benefit. PJ&E and L&K disagree as to the extent that L&K's actions in the suit originally brought by L&K (the *Burdine* matter) materially added to the corporate benefit here. Pursuant to the law of the case, PJ&E proposed an award to L&K of $25,000.00. L&K argues that its pre-consolidation work merits a far larger portion of the settlement fee awarded.

It is difficult at this juncture to determine, in a non-arbitrary fashion, a fair amount for L&K's pre-consolidation effort. It is not the extent of that effort, of

---

[9] *See, e.g., In re Appraisal of Dell Inc.*, 2016 WL 6069017, at *16 (Del. Ch. Oct. 17, 2016) ("It is the public policy of Delaware to reward risk-taking in the interests of shareholders.").

[10] I note that Tansey Counsel submitted their hours and expenses but not their billable rates. Counsel should supplement the record in connection with my Order here.

course, that must be compensated, but rather the effect of that effort on the creation of the common benefit here.[11]  I do note, however, that PJ&E describes L&K's position in this regard as "identical" to that of Regor, Eagle and Squire, PC ("Regor"), another firm representing a pre-consolidation stockholder-plaintiff in this litigation.  PJ&E proposes allocating $100,000 to Regor.  It is difficult to understand how, having recommended that as an equitable distribution, PJ&E can resist a similar amount for L&K.

For the foregoing reason, the proposed Order of PJ&E with respect to distribution of the legal fees awarded in this matter is approved, with the exception of the amount that should be paid to Tansey Counsel, which must be computed based on the loadstar, and the distribution of $100,000 to L&K.  Plaintiffs' counsel should therefore submit a revised form of Order consistent with this Letter Opinion and Order.

To the extent the foregoing requires an order to take effect, IT IS SO ORDERED.

Sincerely,

/s/ Sam Glasscock III

Vice Chancellor

---

[11] *See Theriault*, 51 A.3d at 1255.